**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amie Josephine Bruyer, | No. CV-20-01574-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Amie Josephine Bruyer's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 22), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 24), to which Plaintiff replied, (Doc. 25). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 17), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 17-3 at 25–34), and will affirm the ALJ's decision for the reasons addressed herein.

**I.   BACKGROUND**

Plaintiff filed an Application for SSDI benefits in January of 2017, alleging a disability beginning in February of 2016. (*Id.* at 25.) Plaintiff's claim was initially denied in June of 2017. (*Id.*) A hearing was held before ALJ Myriam C. Fernandez Rice on October 2, 2019. (*Id.*) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments including migraine disorder,

spine disorder, fibromyalgia, obesity, vestibulopathy, chronic bilateral knee pain status (post knee surgery), and osteoarthritis. (*Id.* at 28.) However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work. (*Id.* at 29.) Consequently, Plaintiff's Application was again denied by the ALJ on October 25, 2019. (*Id.* at 25.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (Doc. 1 at 2; Doc. 24 at 2.)

## II.   LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff argues that the ALJ committed error in evaluating Plaintiff's symptom testimony and in weighing the medical opinion evidence. (Doc. 22 at 10, 17.) The Commissioner argues that the ALJ's opinion is supported by the record as a whole and free of legal error. (*See generally* Doc. 24.) The Court has reviewed the medical record and agrees with the Commissioner for the following reasons.

### A. Plaintiff's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding

pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues that the ALJ committed fundamental legal error—applying the wrong legal standard—by rejecting the severity of her symptom testimony because it was "not entirely consistent with the medical evidence." (Doc. 22 at 19.) Plaintiff also argues that the ALJ committed materially harmful error by rejecting Plaintiff's symptom testimony without specific, clear, and convincing reasons that were supported by substantial evidence in the record as a whole. (*Id.* at 17.) The Court is not persuaded by either argument.

Here, at step one, the ALJ acknowledged that Plaintiff had some severe impairments. (Doc. 17-3 at 28.) However, at step two, the ALJ found that Plaintiff had the RCF "to perform a reduced range of sedentary work," and that Plaintiff's "statement

concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with . . . evidence in the record." (*Id.* at 29–30.)

First, the Court does not find that the ALJ applied the wrong legal standard. "Although the Court agrees that Plaintiff is not required to provide medical evidence of the severity of [her] symptoms, objective medical evidence is a useful tool for an ALJ to assess Plaintiff's credibility regarding the intensity and persistence of [her] symptoms." *Adams v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01247-PHX-JAT, 2021 WL 2644272, at *7 (D. Ariz. June 28, 2021) (internal citation omitted). The Court does not read the ALJ's "not entirely consistent" statement, (Doc. 17-3 at 30), as requiring Plaintiff to fully substantiate her symptom testimony with objective medical evidence. *See Adams*, 2021 WL 2644272, at *7; *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Rather, the ALJ's statement simply notes that the record contains conflicting medical evidence. (*Id.*)

Second, the Court finds that the ALJ's decision was supported by specific, clear, and convincing evidence. Here, the ALJ found that Plaintiff's symptom testimony was contradicted by (1) objective medical evidence; (2) Plaintiff's improvement through conservative treatment; and (3) other treatment that relieved symptoms, such as knee arthroplasty. (*See* Doc. 17-3 at 30–31.) For instance, Plaintiff's testimony of spinal pain was contradicted by MRIs that showed only mild stenosis and mild disc degeneration, (*id.* at 30), and Plaintiff's most recent rheumatology records indicated that she had a normal gait and no longer required a cane, (*id.* at 31). Also, as noted by the ALJ, Plaintiff herself testified that she was experiencing consistent improvement with pain medication and denied that the medication caused any side effects. (*Id.*)

Therefore, the ALJ provided specific, clear, and convincing reasons—supported by the record as a whole—for rejecting Plaintiff's symptom testimony. Consequently, the Court finds that the ALJ committed no error.

### B. Evaluation of Medical Testimony

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians; those who examined but did not treat the claimant are examining physicians; and those who neither examined, nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, Plaintiff challenges the weight given by the ALJ's to the "check-box" opinions of Drs. Sabahi and Reinhart. (*See* Doc. 22 at 12–16.) The Commissioner responds that Plaintiff merely presents a competing interpretation of the record, but that Plaintiff fails to demonstrate that the record compels a different conclusion. (Doc. 24 at 14.) The Court agrees with the Commissioner for two reasons.

First, the Ninth Circuit has held "that [an] ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Molina*, 674 F.3d at 1111 (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996)) (cleaned up); *see*

*also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." (quoting *Thomas*, 278 F.3d at 957)). Here, the check-box opinions of Drs. Sabahi and Reinhart are exactly the type that an ALJ may permissibly reject or accord little weight. Indeed, in assigning little weight to Dr. Sabahi's opinion, the ALJ specified that the check-box opinion was "simply not supported by [Dr. Sabahi's] own limited treatment records," and that it contained a "lack of objective findings" during Dr. Sabahi's examination. (Doc. 17-3 at 32.) The ALJ, likewise, found a lack of evidence supporting Dr. Reinhart's check-box opinion. (*Id.*)

Second, the ALJ provided specific and legitimate reasons, supported by the record as a whole, for assigning little weight to—or rejecting—the testimony of Drs. Sabahi and Reinhart. *See Carmickle*, 533 F.3d at 1164. The ALJ provided a detailed and thorough summary of the facts and conflicting medical evidence—including physical examination records, x-rays, pain management records, chiropractic record, records from The Core Institute (and orthopedic and neurological care facility), rheumatology records, and opinion evidence—and stated her interpretations and findings. (Doc 17-3 at 30–32.) For example, the ALJ found that Dr. Sabahi's February 2018 opinion—that Plaintiff could sit for 4 hours and stand or walk for less than 2—was inconstant with his own treatment records and findings during Plaintiff's examination that day; which indicated that Plaintiff neurologically intact, with normal muscle tone and motor strength, and had no localized joint swelling or deformity. (*Id.* at 32.)

Therefore, the Court finds that the ALJ did not error in providing little weight to the check-box opinions of the treating physicians, Drs. Sabahi and Reinhart.[1]

## IV.   CONCLUSION

Having found no error,

**IT IS ORDERED** affirming the October 25, 2019 decision of the ALJ, as upheld

---

[1] Plaintiff also argues that there was no medical basis for the ALJ's decision. (Doc. 22 at 17.) Because the Court has already explained the medical basis for the ALJ's decision, it will not further address this argument.

- 6 -

by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 1st day of March, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge